UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>  v.<br><br>JOHN R. STEELE,<br><br>       Defendant. | No. 06 C 5965 |

# FINAL JUDGMENT AS TO DEFENDANT
# JOHN R. STEELE

The United States Securities and Exchange Commission having filed a Complaint and Defendant John R. Steele ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating Section 17(a)(2) and Section 17(a)(3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)], in the offer or sale of any securities by means or instruments of interstate commerce or the mails,

by: (a) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (b) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating Section 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account of any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act and any issuer that is required to file reports pursuant to Section 15(d) of the Exchange Act.

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from aiding and abetting violations, by an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act and any issuer that is required to file reports pursuant to Section 15(d) of the Exchange Act, of

Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)], by failing to make and keep books, records and accounts which, in reasonable detail accurately and fairly reflect the issuer's transactions and dispositions of assets, and by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions are executed in accordance with management's authorization, recorded as necessary to maintain accountability for assets and to allow the preparation of financial statements in accordance with generally accepted accounting principles and that any differences between existing and recorded assets is addressed appropriately.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from aiding and abetting violations, by an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act and any issuer that is required to file reports pursuant to Section 15(d) of the Exchange Act, of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rule 13a-11 promulgated thereunder [17 C.F.R. § 240.13a-11] by knowingly providing substantial assistance to an issuer that is required to file with the Commission, in accordance with rules and regulations the Commission may prescribe as necessary or appropriate, accurate information, documents and reports that keep reasonably current the application or registration statement filed pursuant to Section 12 of the Exchange Act.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant shall pay a civil penalty of $120,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying the Defendant as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. §1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: November 21, 2006

_____
Virginia M. Kendall, United States District Judge